IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA )
)
v. ) No. 3:08-CR-01
)
REGINALD WIDENER )

## MEMORANDUM AND ORDER

This criminal case is before the court on the defendant's objections to the magistrate judge's report and recommendation that the defendant's motion to suppress evidence be denied [doc. 25]. The government has responded [doc. 25], and a transcript of the suppression hearing has been prepared [doc. 23]. For the reasons stated below, the defendant's objections will be overruled.

Under 28 U.S.C. § 636(b), a *de novo* review by the district court of a magistrate judge's report and recommendation is both statutorily and constitutionally required. *See United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985). However, it is necessary only to review "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b); *see also United States v. Campbell*, 261 F.3d 628, 631-32 (6th Cir. 2001).

The facts related to the defendant's motion to suppress are undisputed. The defendant was paroled from the Tennessee prison system in November 2005. Upon his release, the defendant's parole officer, Joe Kszos, reviewed the conditions of parole with him including the provision wherein the defendant agreed to "a search, without a warrant, of his person, vehicle, property, or place of residence by any Probation/Parole officer or law enforcement officer, at any time." Exh. 2, Suppression Hrg. The defendant signed the conditions, and Mr. Kszos believed that the defendant understood what he signed.

Mr. Kszos testified that the defendant did well during his first year of parole, but during the last eight months of his parole he was struggling. Specifically, he had a difficult time holding a job, he failed to follow instructions, and in February 2007 he was arrested for possession of narcotics, driving on a suspended license, and contributing to the delinquency of a minor.

In May 2007, Mr. Kszos put the defendant on a list of parolees to be searched, primarily because of the problems he had in February involving the minor and the narcotics found in the vehicle. Mr. Kszos testified, however, that he had no particular suspicion that the defendant was "up to anything" at the time he put him on the list of parolees to be searched. According to the defendant's motion to suppress evidence, a firearm and contraband drugs were found during the search of his home.

In his report and recommendation, the magistrate judge applied the holding of *Samson v. California*, 547 U.S. 843 (2006), and found that "the police did not need to suspect defendant of any wrongdoing prior to searching him or his residence." The magistrate judge also relied on the defendant's signed acknowledgment that a warrantless search could happen at any time and found that this constituted a fully informed consent to search.

The defendant objects to the magistrate judge's reliance on *Samson*, and suggests that the proper precedent to be applied in this case is *United States v. Knights*, 534 U.S. 112 (2001). The government contends that *Samson* controls and should be applied to the facts of this case.

In *Samson*, the Supreme Court considered "whether a condition of release can so diminish or eliminate a released prisoner's reasonable expectation of privacy that a suspicionless search by a law enforcement officer would not offend the Fourth Amendment." *Samson*, 547 U.S. at 847. Samson was a parolee who, like the defendant in this case, had signed an agreement to be searched at any time with or without a search warrant and with or without cause. The agreement was required by California law as a condition of release on parole. *Id.* at 846.[1] The Court considered the totality of the circumstances, including Samson's diminished expectation of privacy due to his acceptance of

---

[1] "Any inmate who is eligible for release on parole pursuant to this chapter shall agree in writing to be subject to search or seizure by a parole officer or other peace officer at any time of the day or night, with or without a search warrant and with or without cause." Cal. Penal Code § 3067(a) (West 2000).

the search condition, and held "that the Fourth Amendment does not prohibit a police officer from conducting a suspicionless search of a parolee." *Id.* at 856.

In arriving at this conclusion, the Court distinguished its earlier *Knights* decision. *Samson*, 547 U.S. at 848-50. In *Knights,* the Supreme Court balanced a <u>probationer's</u> expectation of privacy against the state's interests in controlling the possibility that a probationer might recidivate and violate the law, and held that "[w]hen an officer has a reasonable suspicion that a probationer subject to a search condition is engaged in criminal activity, there is enough likelihood that criminal conduct is occurring that an intrusion on the probationer's significantly diminished privacy interests is reasonable." *Knights*, 534 U.S. at 121. In distinguishing *Knights*, the *Samson* court noted that a parolee has an even lesser expectation of privacy than a probationer considering the "continuum of possible punishments." *Samson*, 547 U.S. at 850. Thus, Samson's "severely diminished" expectation of privacy, when balanced against the state's substantial interests in supervising parolees, led the Court to conclude that the California Legislature's determination that suspicionless searches are necessary "makes eminent sense." *Id.* at 854.

Three other points relevant to this court's review of the report and recommendation were raised by the Court in *Samson*. First, the *Samson* majority stated that it was unnecessary to decide whether Samson's acceptance of the search condition constituted consent in the sense of being a complete waiver of

4

his Fourth Amendment rights. *Id.* at 852, n.3. Second, the Court found it unnecessary to decide whether the search condition was justified as a "special need." *Id.* The Court said that since it was holding that the search was reasonable under the Court's "general Fourth Amendment approach," it was not necessary to discuss either of these issues. *Id.* Third, in response to the dissent, the Court noted that California provides some protection for parolees in that California prohibits searches that are "arbitrary, capricious or harassing." *Id.* at 856; *see* Cal. Penal Code § 3067(d) ("It is not the intent of the Legislature to authorize law enforcement officers to conduct searches for the sole purpose of harassment.").

The defendant lists five objections to the report and recommendation, but in actuality there are only two issues. First, was it error for the magistrate judge to rely on *Samson* and second, even if *Samson* applies, did the magistrate judge err in failing to conduct the Fourth Amendment totality-of-the-circumstances analysis required by *Samson*? As to the first issue, this court finds that *Samson* controls the outcome of the defendant's motion to suppress evidence. The Supreme Court, for all intents and purposes, has decided that a parolee who has signed a search condition like the one in this case has no Fourth Amendment rights, subject only to a protection from arbitrary, capricious or harassing searches. The court finds that the holding in *Samson* is broad enough to control the outcome of the defendant's motion to suppress in this case.

5

The only reason not to apply *Samson* in this case would be the Supreme Court's minimal reliance on the California statute requiring a written agreement to a suspicionless search as a condition of parole and protecting the parolee from "harassment." Although there is no such statute in Tennessee, a prisoner eligible for parole would likely not be released in Tennessee unless he agreed to the search condition, and the Tennessee Constitution protects its citizens from "unreasonable searches and seizures." Tenn. Const. art. 1, § 7.

One more point needs to be made before addressing the defendant's second issue. To the extent that the report and recommendation in this case could be read to rely on defendant's signed consent as a waiver of his Fourth Amendment rights, this would appear to be error in light of the Supreme Court's refusal to reach the issue of whether the defendant's "acceptance" of the search condition constituted a waiver.

The defendant next argues that even if *Samson* applies, the magistrate judge did not conduct the Fourth Amendment balancing required by the Supreme Court. The *Samson* opinion teaches that the balancing test to be applied is that between the defendant's reasonable expectation of privacy and the state's needs to supervise its parolees. A parolee who has signed a search condition like the one is this case, however, does "not have an expectation of privacy that society would recognize as legitimate." *Samson*, 547 U.S. at 852. Further, the Court found that a state has "substantial" and "overwhelming"

6

interests in "reducing recidivism and thereby promoting reintegration" into society. *Id.* at 853.  Under the totality of the circumstances, then, the state's interests outweigh any expectation of privacy the defendant might have.

Absent any evidence that the search was for the purpose of harassing the defendant, the court finds that the search was reasonable.  Kszos testified that he did not recommend the search to harass the plaintiff.  Furthermore, the court recognizes that Kszos's decision to have the defendant searched was not necessarily arbitrary.  For several months, the defendant had been having a problem holding a full-time job, and he was arrested three months earlier for possession of marijuana, driving on a suspended license, and for contributing to the delinquency of a minor.  These were the reasons Kszos put the defendant on the list of parolees to be searched.  While the time lag between the arrest and the search removes any sense of urgency, it does not take away Kszos's concern about the defendant's possible criminal activity.

The defendant asks the court to consider *United States v. O'Connor*, No. 06-20583, 2007 WL 4126357 (E.D. Mich. Nov. 20, 2007).  The *O'Connor* case is distinguishable.  In *O'Connor,* the search of the parolee was based upon a Michigan Administrative Rule that specifically required that "reasonable cause to believe that a violation of parole exists" before a parolee's person or property could be searched.  *Id.* at *2.  The district court decided that the two anonymous tips concerning O'Connor's criminal activity were insufficient to meet the Michigan

7

standard of reasonable cause, and the evidence seized during the search was suppressed. Neither party has produced a comparable Tennessee rule requiring any level of reasonable suspicion or cause.

The court has reviewed *de novo* the pleadings, the transcript, and the exhibits and, for the reasons stated above, the court **ADOPTS** the magistrate judge's report and recommendation. It is hereby **ORDERED** that the defendant's objections to the report and recommendation are **OVERRULED**, and the defendant's motion to suppress evidence [doc. 15] is **DENIED**.

ENTER:

　　　　*s/ Leon Jordan*　　　
United States District Judge

8