IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-001 |
| | ) | (JORDAN/GUYTON) |
| REGINALD WIDENER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to Magistrate Judge H. Bruce Guyton pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on November 6, 2008, for a scheduled motion hearing with Magistrate Judge C. Clifford Shirley sitting for Magistrate Judge H. Bruce Guyton. Assistant United States Attorney David Lewen ("AUSA Lewen") was present for the Government. Attorney Richard Gaines ("Attorney Gaines") was present for the Defendant, who was also present.

The Defendant's Motion to Continue [Doc. 33] requests that the trial date of November 13, 2008, be continued. In support of continuing the trial, the motion states that Attorney Gaines has been unable to locate certain key witnesses for the defense and has another trial scheduled for the same day. At the hearing, Attorney Gaines addressed the motion and confirmed that he needed additional time primarily to locate the necessary witnesses, but also, to complete his investigation and attend his conflicting commitment. Attorney Gaines also stated that he had discussed the motion at length with the Defendant, and he believed the Defendant agreed that the motion was

necessary to properly prepare for trial. Thereafter, the Government stated that it had no objection to the motion.

Finally, the Court asked the Defendant whether he endorsed the motion. The Defendant affirmed that he understood the motion, had discussed the motion with Attorney Gaines, and agreed that the motion was necessary to prepare for trial. Further, the Defendant acknowledged that the Court's granting of the motion would mean that the Defendant would remain confined for a number of months until the new trial date.

Based on the foregoing, the Court finds the Motion to Continue **[Doc. 33]** is well-taken, and it is **GRANTED**. The Court finds that the ends of justice served by granting the motion outweigh the best interest of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). The Court finds that a continuance is required to allow all parties the reasonable time necessary to prepare for trial even taking into account counsels' due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). In addition, granting the continuance will allow for continuity in defense counsel because Attorney Gaines will be able to attend his conflicting trial but continue as counsel for the Defendant. The Court further notes that both Attorney Gaines and AUSA Lewen agreed that all time until the new trial date would be fully excludable.

In light of these findings and its granting of the motion, the Court set a new trial date of February 24, 2009. The Court further finds that the period of time between November 6, 2008, and the new trial date of February 24, 2009, shall be fully excludable as provided by the Speedy Trial Act. 18 U.S.C. § 3161(h)(8)(A)-(B).

2

Accordingly, it is **ORDERED**:

1. The Defendant's Motion to Continue **[Doc. 33]** is **GRANTED**;

2. The trial is set to commence on **February 24, 2009**, before the Honorable Leon Jordan, United States District Judge; and

3. All time between **November 6, 2008** and the new trial date of **February 24, 2009**, is fully excludable time under the Speedy Trial Act for the reasons set forth above.

**IT IS SO ORDERED**

                              **ENTER:**

                              _s/ C. Clifford Shirley, Jr._
                              United States Magistrate Judge